## APPORTIONMENT OF STREET ASSESSMENT.

[Circuit Court of Lucas County.]

MOSES G. BLOCH v. WM. M. GODFREY, AUDITOR, ET AL.

Decided, June 25, 1904.

*Street—Apportionment of Assessment for—Unauthorized Certification of Assessment.*

1. An assessment for a street improvement is not rendered invalid by reason of the fact that the amount apportioned to an entire tract was afterwards, with the consent of the owner and no injustice being done thereby, placed upon certain lots forming a part of the tract.

2. But where there has been an unauthorized certification of an assessment, a court can not upon the complaint of a lot owner, and without all the lot owners before it who are affected thereby, attempt to properly apportion the assessment over all the lots liable therefor, but will simply decree that the plaintiff pay that proportion of the entire amount of the assessment which the area of his lot or lots bears to the area of the entire tract to be assessed.

PARKER, P. J.; HAYNES, J., and HULL, J., concur.

This action is brought by Mr. Bloch to enjoin the assessments on lots 1 to 29 in Industrial Heights Addition, on account of the improvement of Woodville street.

It appears that when Woodville street was improved these lots were a part of a tract of about eleven or twelve acres of land, and that the assessors appointed under the statute to determine the amount to be assessed, determined that a certain amount would be assessed against this whole tract, and an assessment was made accordingly by ordinance. Subsequently, upon Mr. Hayes, who was the owner of the tract, presenting to the council a plat subdividing this tract into lots which he desired to have adopted, the city civil engineer, in pursuance of the statute, Section 2601-1, apportioned this whole assessment to these lots now owned by Mr. Bloch. Mr. Hayes, then the owner of all this property, at that time acquiesced in and consented to this reapportionment. Subsequently he conveyed these lots to Mr. Bloch. It is insisted by Mr. Bloch, however, that the action of the city officers was not authorized by law, is irregular and void,

and that this assessment upon these lots should not stand, notwithstanding the consent thereto of his grantor, and notwithstanding the fact that he afterwards received a conveyance of this property, in which there is a warranty except as to assessments upon the lots.

The statute (Section 2601-1), reads:

"In cities of the third grade of the first class, before the common council shall accept the plat of any property upon which, or any portion of which, there is any special assessment either due or to become due, the city civil engineer shall make an apportionment of such special assessment among the different lots of such plat affected by such assessment," etc.

It is contended that this action was irregular and void because all this twelve acres was affected by the assessment theretofore levied, and therefore each and every part of it was thereby affected, and therefore each lot of the subdivision was affected, and that under this statute the engineer was not authorized to place it upon certain lots and relieve others altogether, but that he must so apportion it that each and every lot must bear some part of the burden of the assessment. That is the contention on the part of the plaintiff. We are of opinion that this is giving rather too narrow a construction to this statute; that it is adhering rather too closely to the exact letter of the words "among the different lots of the plat affected." The letter of this statute as construed by plaintiff could be observed by levying one penny against each of the other lots than these twenty-nine lots, and levying all the remainder upon these twenty-nine lots. That, of course, would be absurd. The statute does not require that, and it should not receive such a construction.

There is nothing in this statute requiring that the assessment should be spread out on all the lots according to the benefits that the engineer shall conceive each lot has received; and if that were required, it does not appear but what all the benefits accrued, as a matter of fact, to this front 120 feet, of which is made up lots 1 to 29 inclusive.

We are of the opinion, therefore, that there having been no objection made by Mr. Hayes at the time this apportionment

was made, but he having acquiesced in it, that he is bound by it, and that the fact that some part of the assessment was not levied upon these other lots, in the absence of any evidence that there was any injustice therein, this apportionment of the whole cost of the improvement to lots 1 to 29, does not present any legal ground for invalidating the assessment or enjoining the levy. Therefore all the assessments which have been certified over in pursuance of this apportionment by the city engineer shall stand and be collectible.

But it appears that a part of this assessment has been certified over by the city clerk, some upon the whole tract, and some against the 120 feet abutting on Woodville street, before the engineer had thus proceeded in pursuance of this statute. By what authority or for what reason, we can not tell; we do not know, we are not enlightened. We find no authority for it. There must have been some reason for it, but we do not know what it was. So far as we are informed, it appears to have been done upon the mere *ipse dixit* of the clerk and auditor, without any suggestion from anybody else, or any good or valid reason for it. We do not see how that proceeding and condition of things can be upheld. Justice and equity require that this assessment shall be so spread out on all the tract that each part or lot must bear its just share and proportion. What that would be we can not tell, and we do not know that anybody can tell. We are not sure that there is any statute or any authority for such adjustments. We can think of no rule by which to apportion it, except to apportion to each lot its share, according to the square feet, after excluding the streets and alleys. But the parties owning the property other than lots 1 to 29 do not appear to be in court. They would certainly not be bound by any decree that the court should enter with respect to their property.

We will allow to stand against this particular property its proportion according to area, which can not be more than its share, since they both abut upon the improvement, and the remainder will be enjoined as against these particular lots.

*B. A. Hayes,* for plaintiff.

*W. G. Ulery, U. G. Denman* and *Frank Crane,* for defendants.